UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OTIS ARRINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 24-cv-4203 |
| ERIN POSEY, | ) ) ) |
| Defendant. | ) ) |

## MERIT REVIEW ORDER

Plaintiff Otis Arrington, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, files suit against Assistant Program Director Erin Posey under 42 U.S.C. § 1983 for alleged constitutional violations. (Doc. 9).

Plaintiff seeks leave to proceed *in forma pauperis*. (Doc. 3). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if the Amended Complaint states a federal claim.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff alleges that Defendant Posey ordered his electronics to be confiscated to retaliate against him for submitting a formal complaint about her to the Illinois State Police on October 5, 2023. Plaintiff alleges that Defendant Posey sent several security staff members to confiscate his electronics on October 11, 2023.

On October 23, 2023, Plaintiff received a disciplinary ticket accusing him of having pornography on his electronics. The Behavior Committee found Plaintiff guilty and imposed a yearlong restriction of his gaming system and MP3 player.

Plaintiff alleges that Defendant Posey retaliated against him after he filed his Complaint in this case. On January 23, 2025, seven guards allegedly came to his cell and confiscated his electronics and "mixed up" his legal papers. (Doc. 9 at p. 7).

Plaintiff also complains about the conditions of his cell. Plaintiff states he is diabetic and that his blood sugar level fluctuates at night while he sleeps because there is no air circulation in his cell. Plaintiff alleges he is locked in a cell with a steel door, the window in his cell does not open, and he has no fan.

## ANALYSIS

Plaintiff's claims regarding Defendant Posey's alleged retaliation and the conditions of his cell do not appear to be properly joined in one lawsuit. Plaintiff does not indicate if Defendant

2

Posey is allegedly responsible for the conditions of his cell or allege if he complained to anyone about the conditions. It is also unclear how the conditions of his cell and the lack of a fan are related to the alleged retaliation.

Unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court will give Plaintiff a final opportunity to file a Second Amended Complaint within thirty days from the entry of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

**1.     Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. Plaintiff shall have a final opportunity to file a Second Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim, this matter will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended**

**Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

ENTERED: 3/18/2025

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge