E-FILED
Wednesday, 28 October, 2026 03:51:12 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| OTIS ARRINGTON, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04203-RLH |
| | ) | |
| ERIN POSEY, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## ORDER

Before the Court is Defendant Erin Posey's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D) (Doc. 38). For the following reasons, Defendant's Motion is GRANTED.

## BACKGROUND

Plaintiff Otis Arrington, proceeding *pro se* and civilly detained at the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 12). At merit review, the Court found that Defendant Posey, the Assistant Program Director, allegedly retaliated against Plaintiff in violation of the First Amendment by instructing security staff to conduct shakedowns of his room and confiscate his electronics on October 11, 2023, January 23, 2025, and March 31, 3025, because Plaintiff filed complaints against Defendant with the Illinois State Police ("ISP") and in federal court. (Doc. 13).

On September 2, 2026, Defendant filed a Motion for Summary Judgment. (Doc. 38). The same day, the Clerk issued a Notice informing Plaintiff that Defendant filed a Motion for Summary Judgment and his response was due within twenty-one days. (Doc. 39). The Notice warned Plaintiff that if he failed to respond, the Court could "consider the facts asserted in the summary judgment motion as undisputed" and rule on the motion. *Id.* at p. 1. To date, Plaintiff has not filed a response or requested an extension of time.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004). In order to successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent evidence to rebut the

motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted).

## MATERIAL FACTS

Pursuant to Local Rule 7.1, "[a] failure to respond to any numbered fact will be deemed an admission of the fact." Civil-LR 7.1(D)(2)(b)(6). Accordingly, by failing to file a response to Defendant's Motion for Summary Judgment, Plaintiff has admitted Defendant's undisputed material facts. (Doc. 38 at ¶¶ 1-33).

During the relevant period, Plaintiff was in the custody of the Illinois Department of Human Services ("IDHS") and resided at Rushville.

**October 11, 2023 Search**

On October 11, 2023, Rushville staff conducted a search of Plaintiff's room and removed his electronic items for further inspection. (Doc. 38-2). Staff members Welty, Ingles, Caskey, and Kerr conducted the search and removed multiple electronic cords, a PlayStation and controllers, an altered cassette tape, radio, USB flash drives, TV, headphones, fan, calculator, alarm clock, lamp, and two MP3 players, among other items. *Id.* at pp. 1, 3-4. Defendant was not involved in the search. *Id.* Plaintiff's items were inspected, and multiple items were found to contain pornographic videos, including Plaintiff's PlayStation, flash drive, and two MP3 players. *Id.* at p. 6. The items that contained pornography were deemed contraband. *Id.*

A Behavior Committee Meeting was held on October 24, 2023, regarding the property confiscated from Plaintiff's room on October 11, 2023. (Doc. 38-3). The

committee found Plaintiff had been in possession of contraband, and Plaintiff received a one-year restriction for MP3s, game systems, and flash drives. *Id.*

**January 23, 2025 Search**

On January 23, 2025, Rushville staff conducted a search of Plaintiff's room and removed his electronic items for further inspection. (Doc. 38-4). Staff members Allen, Lamb, Webster, Utter, and Dowd conducted the search and removed multiple electronic cords, a PlayStation and controllers, games, fan, stereo, MP3 player, a TV and remotes, speakers, electric shaver, and headphones. *Id.* at pp. 1, 3. Defendant was not involved in the search. *Id.* Plaintiff's items were inspected, and the inspection revealed that music had been downloaded to Plaintiff's MP3 player during a period when Plaintiff was restricted from using MP3 players. *Id.* at pp. 4-5. Plaintiff's MP3 player was deemed contraband. *Id.* at p. 5.

A Behavior Committee Meeting was held on January 30, 2025, regarding the property confiscated from Plaintiff's room on January 23, 2025. (Doc. 38-5). The committee found Plaintiff had been in possession of contraband and imposed an indefinite MP3 player restriction. *Id.*

**March 31, 2025 Search**

On March 31, 2025, Rushville staff conducted a search of Plaintiff's room and removed Plaintiff's electronic items for inspection. (Doc. 38-1 at 13-16). Plaintiff's electronics were returned two weeks later. *Id.* at 84:15-16. No property was permanently taken from Plaintiff as a result of the search. *Id.* at 87:15-19.

**Searches at Rushville**

Upon admission at Rushville, residents are provided with a list of contraband that is not permitted. (Doc. 38-6 at pp. 75-78). Contraband includes "[o]bscene and sexually explicit media including images, written descriptions, drawings, photographs, DVDs, video games with obscene images, sexually explicit images or nudity." *Id.* at p. 77. The Resident Handbook also allows for contraband, questionable items, and excess property to be confiscated or disposed of. *Id.* at p. 13. Rooms at Rushville are subject to search at any time. (Doc. 38-1 at 88:23-25; Doc. 38-7).

***Arrington v. Posey, et al.*, Case No. 24-cv-4205-CRL**

Plaintiff also filed his complaint in *Arrington v. Posey, et al.*, case number 24-cv-4205-CRL, on November 5, 2024. (Case No. 24-cv-4205 at Doc. 1). At merit review, Judge Lawless found that Plaintiff had properly stated a First Amendment retaliation claim against Defendant Posey. *Id.* at Doc. 7. Specifically, Judge Lawless found that Plaintiff alleged Defendant Posey retaliated against him by ordering staff to confiscate his electronics on October 11, 2023. *Id.* During his deposition in the instant case, Plaintiff acknowledged that case number 24-cv-4205 "appears to be the same case." (Doc. 38-1 at 91:4-6). Defendant Posey filed a Motion for Summary Judgment, which is currently pending. (Case No. 24-cv-4205 at Doc. 23).

## DISCUSSION

### I. Personal Involvement

Defendant argues she is entitled to summary judgment because Plaintiff did not present any evidence that she was personally involved in searching his cell or

confiscating his electronics. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). The doctrine of respondeat superior does not apply to § 1983 actions. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "There must be a causal connection or affirmative link between the action complained about and the official sued." *Arnett v. Webster*, 658 F.3d 742, 759 (7th Cir. 2011).

Plaintiff testified several staff members told him that Defendant ordered them to confiscate his electronics during the searches on October 11, 2023 and January 23, 2025. (Doc. 38-1 at 61:21-23, 77:8-21). Plaintiff could not identify who the staff members were. *Id.* at 61:24-25, 77:19-21. Regarding the March 31, 2025 search, Plaintiff testified he was "not sure" how he knew the search was done in retaliation or due to Defendant's orders. *Id.* at 88:1-4.

Other than hearsay statements from staff members, Plaintiff did not provide any evidence that Defendant ordered the searches, participated in the searches, or confiscated his electronics. Without any evidence to support his claim, the Court finds that Defendant is entitled to summary judgment based on a lack of personal involvement in any constitutional deprivation.

## II. Retaliation

Defendant also argues she is entitled to summary judgment because Plaintiff did not present sufficient evidence to establish that she retaliated against him in violation of the First Amendment.

To prevail on a First Amendment retaliation claim, the plaintiff must show that (1) his speech was constitutionally protected; (2) he suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor in the defendant's actions. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020). Although it is easy to state a retaliation claim, the burden of proving the claim is heavy. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). At the summary judgment stage, the plaintiff has the burden of producing evidence that his First Amendment protected activity was at least a motivating factor to the defendant's retaliatory action. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). The burden then shifts to the defendant to rebut any causal inference raised by the plaintiff's evidence. *Id.* There must be evidence that ties the alleged actions to protected First Amendment activity. *See Lieberman v. Budz*, No. 03 C 2009, 2009 WL 1437609, at *15 (N.D. Ill. May 20, 2009) ("Plaintiff must do more than show that he engaged in protected activity and that he was later adversely treated. He must present something by which a jury could connect the dots between the protected activity and the adverse treatment to demonstrate retaliation.") (internal citation and quotations omitted).

Prisoners have a protected First Amendment right to file grievances and lawsuits. *Dobbey v. Illinois Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009).

Defendant concedes that the complaints Plaintiff filed with the ISP and in federal court constitute activities protected by the First Amendment. Plaintiff has not, however, established that he suffered a deprivation that would likely deter First Amendment activity. The court applies an objective test when deciding whether the defendant's conduct would likely deter a person of ordinary firmness from continuing to engage in protected activity. *Douglas*, 964 F.3d at 646.

Here, Plaintiff knew his room could be searched and that he was not permitted to possess contraband. According to IDHS Facility Directive 03.0008, "[r]esidents, their personal property and their rooms are subject to search at any time." (Doc. 38-7 at p. 3). Contraband, questionable items, or excess property can be removed, inspected, and disposed of. (Doc. 38-6 at p. 13). Pursuant to Rushville's Resident Handbook, contraband includes "[o]bscene and sexually explicit media including images, written descriptions, drawings, photographs, DVDs, video games with obscene images, sexually explicit images or nudity." *Id.* at p. 77. During the searches on October 11, 2023 and January 23, 2025, staff members found contraband in Plaintiff's room, including electronics that contained pornographic images and videos. During the third search on March 31, 2025, Plaintiff's electronics were removed but were returned to him two weeks later.

No reasonable jury could find that Plaintiff suffered a deprivation that would likely deter First Amendment activity, especially in light of the lack of an expectation of privacy and lack of any right to contraband. *See Jacob v. Martin*, No. 24-C-1118, 2025 WL 2017219, at *2 (E.D. Wis. July 18, 2025) (holding it was "entirely

appropriate for prison staff to confiscate property that plaintiff could not properly possess or use, the Court cannot reasonably infer that [the plaintiff] suffered a deprivation that would likely deter First Amendment activity in the future"); *Holder v. Marberry*, No. 2:10-CV-36-JMS-DKL, 2011 WL 4729914, at *5 (S.D. Ind. Oct. 6, 2011) (holding that the search of plaintiff's cell and confiscation of contraband was not an activity that would deter a person of ordinary firmness from exercising their First Amendment rights); *Griffin v. Evans*, No. 119CV00882JPHMPB, 2021 WL 4034876, at *14 (S.D. Ind. Sept. 2, 2021) (holding that "[b]ecause prison officials can search an inmate's cell at any time, such searches are not likely to deter inmates from exercising their First Amendment rights").

Plaintiff also failed to offer sufficient evidence that his First Amendment activity was at least a motivating factor in Defendant's alleged actions. A plaintiff may demonstrate retaliation by utilizing circumstantial evidence, which can "include suspicious timing, ambiguous statements, behavior, or comments." *Manuel v. Nally*, 966 F.3d 678, 680 (7th Cir. 2020) (quoting *Long v. Teachers' Ret. Sys. of Ill.,* 585 F.3d 344, 350 (7th Cir. 2009)). However, "[s]uspicious timing alone will rarely be sufficient to create a triable issue because "suspicious timing may be just that – suspicious– and a suspicion is not enough to get past a motion for summary judgment." *Id.* at 681 (citing *Loudermilk v. Best Pallet Co.*, 636 F.3d 312, 315 (7th Cir. 2011)).

Plaintiff has presented no evidence that this Court can rely on to create a causal connection between his protected First Amendment activity– filing complaints with the ISP and the courts–and Defendant allegedly ordering staff to search his

room and confiscate his electronics. Plaintiff relies on hearsay statements from unidentified staff members and his own speculation that Defendant even knew about his complaints to the ISP prior to the October 11, 2023 search. (Doc. 38-1 at 44:7-13). When asked if he knew whether Defendant was aware of his court filings and retaliated against him, Plaintiff testified, "I can't prove it but, yes." *Id.* at 85:9-12. Plaintiff's own speculation and hearsay statements are insufficient to defeat Defendant's Motion for Summary Judgment. Therefore, the Court finds that Defendant is entitled to summary judgment on Plaintiff's First Amendment retaliation claim.

Having found that Defendant did not violate Plaintiff's First Amendment rights, the Court need not address whether Defendant is entitled to qualified immunity. *See Johns v. Tinsley*, No. 16-1106-JES, 2018 WL 10811472, at *5 (C.D. Ill. Mar. 7, 2018) (citing *Van den Bosch v. Raemisch*, 658 F.3d 778, 787 n. 9 (7th Cir. 2011)).

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Posey's Motion for Summary Judgment, (Doc. 38), is GRANTED. Defendant Posey is DISMISSED WITH PREJUDICE. Plaintiff takes nothing. Each party is to bear their own attorney's fees and costs. The Clerk is DIRECTED to enter judgment and close this case.

If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(4). To proceed *in forma pauperis* on appeal, Plaintiff must file a motion to proceed on appeal *in forma*

*pauperis* and identify the issues he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. FED. R. APP. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (An appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.

*So ordered.*

Entered this 28th day of October 2026.

s/ Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge